## SUPREME COURT.

### PARSONS AND WALES agt. NASH & NASH, Executors, &c. of HINCKLE, AND OTHERS.

In an action, proper for a set off or counter-claim, against several defendants, severally liable or jointly and severally liable, any one of them may avail himself of his set off; or any number of the defendants to whom the set off is jointly due may avail themselves of such set off. (*Code*, § 150, 136 *and* 274.)

Therefore *held*, in an action upon a joint and several promissory note, against several defendants, one of them might set off a judgment recovered upon contract, in his favor, against the plaintiffs.

*Erie Special Term, August*, 1853. Motion for a new trial upon exceptions. The action was upon a joint and several promissory note, made by William Hinckle, Whitman Nash, and Lewis S. Payne. The two latter were sureties of Hinckle. The making of the note was admitted. The defence was a set off of a judgment recovered upon contract, by Hinckle, against the plaintiffs, for an amount equal or larger than the amount of the note. The court, at the trial, held that the *judgment* was a proper *set off or counter claim*, and directed the jury to find a verdict for the defendants, and the plaintiffs excepted.

> ELI COOK, *for Plaintiffs*.
> W. W. THAYER, *for Defendants*.

MARVIN, Justice.—It is clear that prior to the Code the decision at the circuit would have been erroneous. There are several defendants, and the demand set off was not due to all

of them jointly. (2 *R. S.* 354, § 18, *subdv.* 6.) It is not the case of maker and endorser of a note, but the makers of a note promising jointly and severally, to pay a sum of money. Has the Code, as it now is, changed the law in this respect? I think it has. It is not necessary now to say whether a party liable upon a joint and *several* contract, and sued with his co-obligors, could, prior to the amendment of 1852, have set off a demand, proper in other respects, against the plaintiffs. (*See Code,* § 274.) The People agt. Cram and White, (8 *How. Pr. R.* 151; *Code* § 149 *of* 1851, § 136, *subdivns.* 2 *and* 3.)

By the amendments of 1852, to section 149, the answer must contain : 2d. A statement of any new matter constituting a defence or *counter claim,* &c. Counter claim is here substituted for " set off," in the Code of 1851. A great change was also made in section 150. Prior to the revision of 1852 it authorized the defendant to set forth as many defences as he had, and required that they should be separately stated, and that they should refer to the causes of action they were intended to answer. Now it defines what the counter claim, mentioned in section 149, is. The counter claim must be one existing in favor of a defendant, and against a plaintiff between whom a several judgment might be had in the action. In the present case the defendants undertook and promised jointly and *severally,* and a several judgment might have been had in the action against the executors of William Hinckle ; if the decision made in the People agt. Cram and White, (8 *How. Pr. R.* 151,) is a correct exposition of sections 274 and 136.

The language of section 150 as it now is, confirms me in the views taken in the People agt. Cram and White. The counter claim is to be a claim existing in favor of *a defendant* and against a plaintiff, between whom a several judgment might be had in the action. This clearly indicates that there may be cases where the set off or counter claim may not be due to, or in favor of all the defendants, and to ascertain between whom a several judgment may be had in the action, we must look to other provisions in the Code, particularly sections 136 and 274. In my opinion, in an action proper for a

set off or counter claim, against several defendants, severally liable, or jointly and severally liable, any one of them may avail himself of his set off; or any number of the defendants to whom the set off is jointly due, may avail themselves of such set off. This may be difficult in practice, but so understanding the system of the Code, it is my duty so to administer it, or, in good faith, to make the attempt, as the cases arise. In the present case it has been noticed that Hinckle, in whose favor the counter claim was shown to be against the plaintiffs, was the principal debtor upon the note. The other defendants were his sureties. It is probable that under these circumstances in equity, he would have been allowed to set off his demand, though not due to him and his sureties; and now section 150 further provides that the defendant may set forth, by answer, as many defences and counter claims as he may have, whether they be such as have been heretofore denominated legal or *equitable* or both.

It is not necessary to pursue the subject. The motion for a new trial must be denied.