DE WITT HOPKINS et al., Respondents, *v.* DANIEL W. LANE, Impleaded, etc., Appellant.

Defendant D. and two others jointly purchased a quantity of cheese. Each of the purchasers gave his own note with an indorser, for his share of the purchase-money. In an action upon the note given by D., the defendants set up as a counter-claim, breach of warranty and fraud in the sale. *Held,* that the counter-claim could not be sustained, as the claim, if any, belonged to the three purchasers jointly, and could not be availed of by one alone.

(Argued December 15, 1881; decided January 17, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made September 8, 1874, which denied a motion for a new trial, and directed judgment in favor of plaintiffs on a verdict.

*E. Countryman* for appellant. The defendant's answer contains all the facts necessary to constitute a defense for want of

consideration, or for a recoupment of damages, and it was not necessary to state which he would insist upon, or, if he did so state, he would not be precluded from insisting upon any defense which the facts alleged would justify. (*Springer* v. *Dwyer*, 50 N. Y. 19, 22; *Van Brunt* v. *Day*, 81 id. 251, 254; *Bates* v. *Rosekrans*, 37 id. 409, 412; *Equitable Life Ass. Soc.* v. *Cuyler*, 75 id. 511, 514; *Wright* v. *Delafield*, 25 id. 266; *Burrell* v. *De Groot*, 5 Duer, 379.) The defense of fraud is clearly available as a bar to the action. (*Bleecker* v. *Vrooman*, 13 Johns. 302; *Raib* v. *McAllister*, 8 Wend. 109; *Jones* v. *Scriven*, 8 Johns. 453; *Batterman* v. *Pierce*, 3 Hill, 171; *Kennedy* v. *Crandell*, 3 Lans. 2; *Newell* v. *Salmons*, 22 Barb. 647; *Wagner* v. *Stocking*, 22 Ohio St. 297; *Springer* v. *Dwyer*, 50 N. Y. 19; Cooley on Torts, 90, 91, 134; *Bookstaver* v. *Jayne*, 60 N. Y. 146; *Taylor* v. *Root*, 4 Abb. Ct. of App. Dec. 382, 384, 385; *McKnight* v. *Devlin*, 52 N. Y. 399; *Barlow* v. *Myers*, 64 id. 41.)

*L. B. Kern* for respondents.

EARL, J. This action was brought to recover on a promissory note given in part payment of cheese sold by the plaintiffs to the defendant Daniel W. Lane and to Darius W. Benjamin and Quincy Matthewson. The cheese was delivered and each of the purchasers gave a note for his share of the purchase-money. This note was given by Daniel W. for his share, and was signed by Victory L. Lane as surety for him. The defendants in their answer set up a counter-claim for breach of warranty and fraud in the sale of the cheese. One of the grounds upon which the defendants were defeated as to the alleged counter-claim at the trial was that they could not avail themselves of it, as it belonged to the three purchasers jointly. The answer alleged that the sale of the cheese was to the three as joint purchasers, and that allegation was sustained by the proof. There was no proof showing that there was a separate contract with each purchaser or a separate warranty to, or fraud perpetrated upon, each purchaser. For the conven-

ience of the purchasers, and with the consent of the sellers, the cheese was paid for by the separate notes properly secured of the purchasers, and after the notes were thus given there remained no joint obligation to pay for the cheese, simply because it had been paid for. Payment in this mode, however, did not affect the contract of purchase or the relation between the parties growing out of the joint purchase. Any claim, therefore, for damages, growing out of the breach of warranty or the fraud, belonged to the three purchasers jointly and could not be used by one of them as a counter-claim. One of them could not have separately sued the plaintiffs to recover such damages, and hence one of them separately cannot set up such damages as a counter-claim under section 150 of the Code of Procedure. As there was no defense to this note, except by way of counter-claim, Daniel W. Lane was obliged to pay it, and the claim for damages on account of the breach of warranty and the fraud could be enforced only by an action in the name of all the purchasers against the sellers. If, however, any one of the purchasers refused to join as plaintiff in such an action, he could be made a defendant. We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur, except MILLER, J., taking no part.

Judgment affirmed.