Barrett, J.
The contract sued upon is plainly joint. There are no words of severance, express or implied. Baldwin and Myers agree to sell, Vanderbilt *314 agrees to purchase. There is no room for a “joint and several” construction.
The covenant to cause to be conveyed, is none the less joint than the covenant to convey. As to the provision with regard to personal representatives, that is simply declaratory of the rights of successors in interest. The “respective parties” there referred to are the two joint contractors of the one part, and the one individual contractor of the other part. There is nothing whatever in that expression to favor the idea of a severance as between the parties of the first part.
It is clear that the plaintiff could not have maintained this action against either defendant alone. That seems to me to be the true test of the right of either defendant alone to interpose these counterclaims.
If, as suggested, Baldwin refuses to join in these counter-claims with Myers, and the latter desires to proceed upon that theory (in substance as permitted by section 448 of the Code), the fact should have been stated and appropriate relief asked. Instead of that, Myers treats the demands set up in the counter-claims as his individual dioses in action.
As they cannot be counter-claimed against what we deem to be a joint demand, growing out of a strictly joint contract, the demurrer must be sustained with costs.