### TILDEN *v.* WASHBURN *et al.*

(*Superior Court of Buffalo, General Term.* July 12, 1889.)

1. **SET-OFF AND COUNTER-CLAIM—WHEN AVAILABLE AS A DEFENSE.**
    Plaintiff's assignors sold the good-will, fixtures, etc., of a certain business, and the lease of the premises, to defendants, who gave their partnership notes therefor. In an action on the notes, only one of the defendants appeared and answered. *Held* that, though the liability was joint, the defendant who appeared could set up, in the nature of a counter-claim, so far as to defeat plaintiff's recovery, fraudulent, representations in the sale of the business.

2. **FRAUD—IN SALE OF BUSINESS.**
    Evidence that the amount of property represented by plaintiff and his co-owners as belonging to the business was not there; that a large portion of it belonged to third persons, of which fact defendants were ignorant; that the business, represented as prosperous, was in fact not a paying one, and had not been for a long time, as the sellers knew; and that the books had been changed by inserting the names of persons who had never been customers,—fully warrants a finding that the sale was fraudulent.

3. **SAME—ESTOPPEL.**
    The fact that when defendant discovered the fraud he threatened to have the sellers arrested, and to abandon the property, and only consented to remain upon being assured that everything would be made right if he would continue the business to the end of the term for which the premises were leased, in order to save the sellers from greater loss, is not such a ratification of the sale, after discovery of the fraud, as to estop defendant from asserting it.

Appeal from judgment on report of referee.

Action by Jared H. Tilden against Silas F. Washburn and Elliott E. Buck, on seven promissory notes. Defendant Washburn alone appeared and answered. There was a judgment for defendants, and plaintiff appeals.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*D. M. Silver*, for appellant.    *Wm. L. Jones*, for respondent.

TITUS, J.    This is an appeal from a judgment entered on the report of the referee dismissing the plaintiff's complaint, with costs.    The action is brought to recover on seven promissory notes, aggregating $656.50, made by the firm of Washburn & Buck to the plaintiff during the years 1878 and 1879.    The notes were given in part for rent of certain premises on the corner of Pearl and Court streets, used as Turkish bath-rooms, and in part in renewal of other notes given for the same purpose.    It appears that the plaintiff, George Irr, and the Pennryhen Slate Company were the owners of the lease, and in possession of the premises; the lease having to run until September 1st, at the annual rent of $1,000.    In July, 1887, the owners of the lease, through one McNish, their agent, began negotiations with the defendants for the transfer of their interest under it, which resulted in the assignment of the lease to the defendants, together with the good-will of the business and certain fixtures and furniture, for which the defendants paid $1,400, and assumed to pay the rent as it accrued on the lease.    The defendant Washburn alone appears and defends, placing his defense on the ground that the representations made at the time the negotiations were pending were false and fraudulent, both as to the extent of the business and the amount of personal property transferred to them.    The referee has found in favor of the defendant on both of these questions, and further finds that the notes were given for rent due on the lease, and in renewal of notes given for that purpose; that after the defendants had discovered the fraud the notes and renewals were made for the purpose of carrying along the business to the end of the term, when, if any deficiency existed, it was to be made up by the plaintiff and his co-owners.    The findings of the referee are somewhat informal, but I think it sufficient to warrant the conclusion which he has reached, dismissing the plaintiff's complaint.    The evidence of Washburn tends to show that after the fraud had been discovered an arrangement was entered into between the defendants, on the one hand, and the plaintiff, Irr, and the Pennryhen Slate Company on the other, that if the defendants would continue to occupy the premises and carry on the business until the end of the term they would make good the deficiency which was shown to exist in the amount of personal property by the inventory, and what the defendants had put in should be paid back to them, and the notes and rent taken care of as they should fall due.    It further appears that at this time the defendants had concluded to give up the business, surrender the premises, and prosecute the parties for the fraud which they claimed had been committed upon them.    After this arrangement had been made the defendants continued in the business, claiming to carry it on for the benefit of the plaintiff and the other parties.    It is now insisted by the defendants that the arrangement which was made was not carried out; that the deficiency in the inventory of the personal property was never made good; nor the rent paid, or notes taken care of.    I am satisfied, from an examination of the evidence, that the referee was abundantly justified in finding that false and fraudulent representations were made, which justified the abandonment of the contract by the defendants, and that the new arrangement by which the defendants were to continue in the business for the benefit of the plaintiff and the other owners of the lease was a valid and binding contract.    Such being the case, the judgment must be affirmed, unless the questions raised by the plaintiff are sufficient to reverse it.    It is claimed by the counsel for the plaintiff that the demand of the defendants, being a joint one, cannot be set up by the defend-

ant Washburn to defeat a recovery on the notes in the hands of the plaintiff. It is well settled that one joint debtor cannot set up as a counter-claim an individual claim against a plaintiff who has brought an action against him and his co-defendant on a joint liability. *Hopkins* v. *Lane*, 87 N. Y. 501. But one joint debtor may avail himself of any new matter as a defense in favor of both defendants to defeat the plaintiff's recovery on a joint liability, although be answers separately. *Chamboret* v. *Cagney*, 10 Abb. Pr. (N. S.) 31; *Vassear* v. *Livingston*, 13 N. Y. 248. *Vanderbilt* v. *Baldwin*, 15 Abb. N. C. 312, was an action to recover money paid on account of a purchase of real estate. One of the defendants set up by his separate answer a counter-claim, and asked affirmative judgment of $10,000 for the failure of the plaintiff to perform his part of the contract. It was held that his contract of sale was a joint one, and the defendant could not set up and recover for himself alone damages for a breach of the contract owned jointly by the defendants.

The plaintiff's counsel is in error in assuming that the referee has allowed some portion of the defendant's counter-claim. While the defendant Washburn sets up a counter-claim in his answer, and demands an affirmative judgment against the plaintiff, and the plaintiff has treated it as if it were a valid counter-claim by replying, the referee has not allowed it, but holds that the notes are not a valid and just claim against the defendants. This conclusion is based upon the facts before found, of false and fraudulent representations made at the time of the assignment of the lease, and the subsequent agreement of the parties by which the defendants were to continue in possession of the premises; and that the possession was the possession of the plaintiff and his co-owners, and not the possession of the defendants; and that, as between them, the notes had no consideration, and hence could not be enforced. This being the effect of the findings of the referee, the numerous authorities cited by the plaintiff's counsel are not in point, and it is only necessary to determine whether the defendant Washburn can avail himself of the defense existing in favor of himself and Buck to defeat a recovery on the note. If the referee had allowed the counter-claim to the extent of the plaintiff's demand, instead of putting his decision upon the distinct grounds of fraud, I can see no reason why it would not have been entirely legal. One defendant, liable on a joint demand, can avail himself of any defense existing in favor of himself and co-defendant, and, the plaintiff being one of the original parties to the transaction out of which the cause of action arises, the counter-claim can be set up against his cause of action, or made available at least to the extent of the plaintiff's claim against the defendants.

A reference to a few of the authorities cited by the counsel will be made. *Vassear* v. *Livingston*, 13 N. Y. 248, was an action by the plaintiff, who was an assignee of one Ritchie, against the defendants, for a claim of $50 for engraving for likenesses. The answer set up a failure by Ritchie to perform his contract in time, and claimed damages for $200. The court held that the defendants had no cause of action against the plaintiff, and could not set up any counter-claim against him, but the facts might be pleaded by way of answer, and proved, for the purpose of showing that Ritchie had no cause of action against the defendants, and consequently none passed to the plaintiff by the assignment. In *Briggs* v. *Briggs*, 20 Barb. 477, the action was brought against the defendants as copartners, to recover for a quantity of lumber consigned to them. On the trial Briggs offered evidence to prove a counter-claim of three notes payable to himself or bearer. It was held that they were properly made as a counter-claim under the Code as a claim existing in favor of the defendants against the plaintiff between whom a several judgment might be had in the action. In *Parsons* v. *Nash*, 8 How. Pr. 454, the complaint was upon a joint and several promissory note. One of the defendants was permitted to set up a judgment in his favor, obtained against the plaintiffs, and a verdict directed upon the counter-claim was held to be proper. *More*

v. *Rand*, 60 N. Y. 208, was an action for a disso'ution of copartnership and for an accounting. More and Holley were the owners of an hotel, which they sold to the defendants. Pursuant to the contract of sale the plaintiff retained his interest in the hotel, and became one of the owners with the defendants as partners, and brought an action claiming to recover the amount of his interest in the hotel, and a share in the profits. The defendants alleged in their answer that they were induced to purchase the interest of Holley by false and fraudulent representations of the plaintiff touching the business and the amount of profits which More and Holley had derived from the hotel, and asked for damages against him. It was held that, although a joint action would lie against More and Holley for fraud, the right of action was several, and also damages could be recovered against the plaintiff in the action. *Hopkins* v. *Lane*, 87 N. Y. 501, was an action to recover on a promissory note given in part payment of cheese sold to Daniel W. Lane and two others. Each purchaser gave a note for his share of the cheese. This note was given by Daniel for his share, and signed by Victor L. Lane as surety. The defendant set up a counter-claim, for fraud in the sale of the cheese. It was held, EARL, J., writing the opinion of the court, that any claim for damages growing out of a fraud in the sale of the cheese belonged to the purchasers jointly, and could not be used by one of them as a counter-claim. In *Mynderse* v. *Snook*, 1 Lans. 488, it was held that the defendant in an action on a promissory note could not set up a counter-claim existing in his favor against the plaintiff and his former partner. In *Schubart* v. *Harteau*, 34 Barb. 447, decided by the general term of the supreme court of the First department, the plaintiff was one of the firm of H., S. &. K., who transferred a note to the plaintiff after maturity. The defendant had a demand for damages on the sale of stone against H., S. & K. The note was given to H., S. & K. on the purchase of the stone, and in payment therefor. It was held that the claim for damages against H., S. & K. could be set off against the note in the hands of the plaintiff to the amount of the plaintiff's claim on the note.

Section 500 of the Code of Civil Procedure provides that an answer must contain "a general or specific denial of each material allegation in the complaint; (2) a statement of any new matter constituting a defense or counter-claim." This is the precise language used in the old Code, (section 149, Code Proc.,) and the practice as settled under it, still prevails. This section authorizes a matter connected with the sale of property to be set up by way of defense, and I have no doubt that this defense is a proper one, which the defendants or either of them can interpose to the plaintiff's action on the note, and, if found to be supported by the evidence, is a bar to his right to recover.

The plaintiff's counsel claims that the evidence does not support a finding of the referee of false and fraudulent representations in the sale of the property as to the extent of the business and the amount of property in the building, and that at all events the defendants purchased the property and took a lease with a full knowledge of the facts, and had as good an opportunity to determine its value and the amount as the sellers themselves. I think the finding of the referee in this respect is fully sustained by the evidence. To quite an extent the evidence is uncontradicted. The representations made by McNish, as testified to by the defendant Washburn, are not disputed. The amount of property represented as belonging to the business was not there. A large portion of it belonged to other parties, of which the defendants had no knowledge. The business certainly was not a paying business, and had not been for a long time previous, which the parties must have known, as appears from the testimony of Irr, and did know before the sale to the defendants. There is some proof that the books were changed, and the names of persons placed upon them who never visited the place as patrons. This evidence, I think, is sufficient to warrant a finding of fraud in the sale. It is not necessary in order to find a contract fraudulent to make proof of the

declarations of the parties charged with the fraud, which is always difficult, and usually impossible, to do; but, like any other fact, it may be found from the facts and circumstances in the case. It seems to me that the evidence of the fraudulent intent is unusually full and satisfactory, and the referee could not well have come to a different conclusion. Nor can it be successfully claimed that the defendants accepted the premises, and continued to occupy and carry on the business after they discovered the fraudulent character of the representations. It is barely disputed that when the defendants found the property was not there, and the business did not pay, the defendant Washburn accused the parties of the fraud, and threatened to have them arrested, and to abandon the property; and only after he had been assured that it would be made right if he would continue in the business to the end of the term to save the plaintiff and other parties a greater loss, did he consent to remain, and then only to conduct the business for the plaintiff and the other owners. This is not such a ratification of the contract, after discovering the fraud, as estops the defendants from asserting it against the parties to it in an action for the rent to be paid by them; and the cases cited by the counsel do not go to that extent. This disposes of the principal questions in the case. I have examined the defendants' exceptions to the referee's refusal to find as requested, and do not think any error was committed. The judgment should be affirmed, with costs. All concur.