## SEAMAN v. SLATER.

*(Circuit Court, S. D. New York. January 25, 1892.)*

1. **COUNTER-CLAIM—WHEN MAINTAINABLE—TORT AND CONTRACT.**
   When an action, brought under the New York Code, sounds partly in contract and partly in tort, a counter-claim may be maintained for a balance due under the contract; and the fact that the evidence is directed mainly to proof of the tort does not deprive the defendant of the benefit of the counter-claim.

2. **SHIPPING—BREACH OF CHARTER-PARTY—COUNTER-CLAIM.**
   In this action by a charterer for damages caused by the breach of a charter-party, in that the vessel was delayed by the defective condition of her machinery and the negligence of the engineer, the charterer was entitled to recover extra expenses and probable profits lost by the delay, and the owner may set off against this sum an unpaid balance due for the use of the vessel.

3. **SAME—PARTNERS AS OWNERS.**
   Where one member of a partnership which owns a vessel is alone sued for the breach of a charter-party, he may counter-claim for the entire balance due under the contract for the use of the vessel.
   *Hopkins v. Lane,* 87 N. Y. 501, distinguished.

At Law. Action by Samuel H. Seaman against John W. Slater for damages for breach of a charter-party. For former report, see 18 Fed. Rep. 485. Now heard on motion for a new trial. Granted.

*John E. Parsons,* for plaintiff.

*Franklin Bartlett* and *Wm. G. Willson,* for defendant.

SHIPMAN, District Judge. This is a motion by the plaintiff for a new trial upon the ground of errors in the charge of the court, and that the verdict of the jury was against the evidence in the cause. This action was brought to recover damages which the plaintiff, as surviving partner of Cromwell & Co., who were charterers of the steamer Hagar, had sustained, either by the breach of the charter-party, arising from the unfit condition of the boiler, or by the negligence of the engineer, whereby the vessel was injured, the voyage was delayed, extra expenses were caused to the charterers, and consequential damages were caused by their inability, in consequence of said delay, to obtain a return cargo, which had been agreed to be furnished, and which was not furnished by reason of the non-arrival of the vessel. The plaintiff also claimed to recover, and this claim was not denied upon the trial before me, $1,734.10, and the interest thereon; that principal sum being the amount paid by the plaintiff's firm for the vessel's share of general average. The charter-party provided that the owners were to receive $7,000 for the use of the vessel, and for each day's detention above seven days, through the fault of the charterers, the sum of $250 per day; $3,000 of the $7,000 was paid. The defendant's answer contained a counter-claim for $4,000, and $1,250 for five days' detention in New Orleans. The substantial question of fact for the jury was the amount, if any, of consequential damages arising from the loss of return freight. The jury reported that they could not agree upon this point, but were urged by the court to come to an agreement, and returned a verdict from which it appeared that they found the

sum of $1,787.20 as principal for loss of freight money upon the return voyage.

The plaintiff's motion for a new trial, upon the ground of verdict against evidence, is based upon the alleged palpable disregard of the testimony in regard to consequential damages. I am fully aware of the importance of trial by jury under the federal system, of the weight which is properly attached to a finding by the jury, and that mere dissatisfaction on the part of the court with the verdict does not justify the granting of a new trial. I am also aware that the question is not free from uncertainties, one of which arises from the length of time which has elapsed since the transaction. But I am convinced that justice requires that a new trial should be had. There are occasional mishaps which are incident to the system of trial by jury. When one of those mishaps occurs, the stability of the system, and a due regard to its importance and dignity, require that the case should be submitted for renewed, thoughtful, and unprejudiced consideration. With such consideration, whatever the conclusion, the court will be content.

The next ground for a new trial relates to exceptions to the charge of the court. This case has been tried twice in this court. Upon the first trial Judge WALLACE was of opinion that there was not evidence sufficient to justify a recovery by the plaintiff for the loss of the prospective profits of the return trip, and held that the plaintiff's recovery must be limited to the extra expenses incurred by reason of the detention and delay. The plaintiff thereupon elected to abandon the cause of action arising from breach of contract, and put his case to the jury upon the question of negligence. Upon the plaintiff's motion for new trial, the court was of opinion that the question of the loss of prospective profits should have been submitted to the jury, and directed a new trial. Upon the second trial there was no election to withdraw or abandon the cause of action founded upon contract. The case stood as presented in the complaint, wherein a double cause of action was alleged. No demurrer was pleaded, and the defendant interposed his counter-claim for the unpaid charter money, and an allowance for detention, which was proper, inasmuch as the action did not sound wholly in tort. If the action had been purely in tort, the construction of the New York statute is that "a counter-claim founded upon contract could not properly here have been allowed." *People* v. *Dennison*, 84 N. Y. 272; *Smith* v. *Hall*, 67 N. Y. 48. It is not claimed that in an action for breach of contract, which is in affirmance of the contract, the unpaid amount due to the defendant may not be the subject of a counter-claim, but it is said that this action was, in substance, in tort. It is true that the testimony showed that the injury to the vessel happened through the negligence of the engineer; but it cannot be that the defendant's right to a counter-claim, which exists upon the pleadings, can be taken away by the manner in which the case is presented in the testimony.

The plaintiff, upon the trial, acquiesced that if he were to be allowed to recover, as one item of his damages, his prospective profits, it would be necessary that in fixing their probable amount the jury should be al-

lowed to offset against the probable gross receipts the probable gross expenses, viz., the unpaid charter money, and possibly some allowance for detention, but he objects to the charge that the sum of $4,000 and interest thereon were to be deducted from the total amount of damages and the $1,734.10 and interest thereon. In the majority of cases the plaintiff sues for the unpaid contract price, and the question of damages for breach of contract is presented by the defendant in defense, but the parties need not necessarily be arranged in this way. *Warfield* v. *Booth*, 33 Md. 63. When the damages to which a person has been subjected by the inability of the contractor to comply with his warranty or his contract are believed to be in excess of the money due on the face of the contract, the injured party can stop paying, and sue for the breach of contract. *Moulton* v. *McOwen*, 103 Mass. 587, 594. And in such case the defendant can show, by set-off or by counter-claim, the unpaid value of his services or work. The object of the statutory system of set-off or counter-claim is to avoid circuity of action; but the principles upon which the result is reached, whether in favor of the plaintiff or defendant, do not differ materially from those which were recognized when each contracting party brought his action.

In Massachusetts the two cross-actions were wont to be tried together; and when there were two such actions, "one for the price of property sold, and the other for fraud in the vendor," it was held that the proper course was for the jury, "if they find the fraud, and that the damages equaled or exceeded the purchase money," to "render a verdict for the defendant in the first action, and for the plaintiff in the second action, for the excess of such damages, if any, over the purchase money. If the damage is less than the price sued for, it should go in reduction of the price in the first action, and the verdict should be for the defendant in the second action." *Cook* v. *Castner*, 9 Cush. 266. The rule was the same when the alleged damages were for defective work. *Moulton* v. *McOwen*, 103 Mass. 590. Where the plaintiff sues for damages arising from breach of the contract, and the defendant has not been paid the contract price, and, by the verdict, the plaintiff has been compensated for the damages arising from the breach of the contract, it is proper that the defendant should be allowed the unpaid value of his services or work, and, in determining the amount due to the contractor, the contract is to be followed so far as may be, (*Dermott* v. *Jones*, 2 Wall. 1;) and, "so far as the work was done under the contract, the prices specified in it are, as a general rule, to be taken as the best evidence of the value of the work," (*Koon* v. *Greenman*, 7 Wend. 121.) In this case the jury were instructed to find and allow the plaintiff his extra expenses resulting from the delay, and his prospective profits and the money paid for the benefit of the vessel; in other words, to place the plaintiff in the position in which he would have been had no calamity happened, and had his voyage been a prosperous one. When this had been done, the amount which was due to the defendant for the use of the vessel, according to the charter-party, which, in this case, was the true measure of the defendant's demand, was properly deducted

from the sum due to the plaintiff. The cases cited *supra* support the charge. *Warfield* v. *Booth*, 33 Md. 63.

The plaintiff says that the sums named in the counter-claim did not belong to the defendant, but to all the owners of the Hagar, and that the defendant alone could not set up a counter-claim. When one of the owners or partners is sued for the entire amount of damages, resulting from the breach of the charter-party, and is to be compelled to pay the entire sum, I think that he can set off the amount due upon the charter-party. If he could not, great injustice might be done. The case of *Hopkins* v. *Lane*, 87 N. Y. 501, which was cited by the plaintiff, rests upon a different state of facts. A new trial is granted.