Fox CHASE KNITTING MILLS, INC., Respondent, v. SOLOMON HANDAL and Others, Copartners Doing Business under the Firm Name and STYLE of S. HANDAL & BROTHERS, Defendants. JACOB HANDAL and Another, Individually and as Members of the Firm of S. HANDAL & BROTHERS, Appellants.

First Department, May 29, 1931.

*George A. Ferris* of counsel [*Abraham Gruber* with him on the brief; *George A. Ferris*, attorney], for the appellants.

*Seymour B. Liebman* of counsel [*I. Gainsburg*, attorney], for the respondent.

MARTIN, J. The plaintiff brought an action to recover the sum of $13,540.30 from the defendants, copartners doing business under

the firm name and style of S. Handal & Brothers, for goods sold and delivered to the copartnership.

Thereafter, by order of the Special Term, one of the original defendants, Solomon Handal, was dropped as a party defendant and Habid Handal and Sely Handal were added and included as parties defendant. By virtue of this order the plaintiff's cause of action for goods sold and delivered became one against Jacob Handal, Bishara Handal, Habid Handal and Sely Handal, copartners doing business under the firm name and style of S. Handal & Brothers. A supplemental summons was not issued or served so as to bring in the new defendants and the plaintiff did not serve an amended complaint.

The defendants, appellants, Jacob Handal and Bishara Handal served an answer, which in substance denied the allegations of the complaint as amended by said order, and set up certain separate and distinct defenses and a counterclaim based upon a breach of warranty with respect to the goods alleged in the complaint to have been sold to the defendants.

By their counterclaim the defendants seek to recover the sum of $5,500 by reason of the alleged breach of warranty on the part of the plaintiff in that the goods delivered did not correspond with the samples; were imperfect, unmarketable and of no value in that they were of dark shade and color and wholly unsalable during that season, for which reasons the defendants offered to return the goods but the plaintiff refused to accept them.

The plaintiff moved for the dismissal of the defenses as insufficient and the dismissal of the counterclaim on the ground that the counterclaim was not one that could properly be interposed in this action pursuant to section 266 of the Civil Practice Act. The court denied the motion as to the defenses and granted it as to the counterclaim.

The appellants contend that the counterclaim was properly pleaded. The answering defendants having been sued by the plaintiff as members of a partnership had a right to set up any claim which the firm had against the plaintiff and which the firm could assert by way of setoff or counterclaim.

The respondent says that the counterclaim was properly dismissed since the two individual defendants who have answered the complaint have not the legal capacity to assert such a cause of action by way of counterclaim. Plaintiff says that this counterclaim belongs to the partnership and not to the two answering partners and that it can be asserted by the partnership only and not by these appellants.

In an action against a partnership one partner may avail himself

of a counterclaim in favor of the partnership to defeat plaintiff's recovery, although he answers separately, and in an action against the individuals comprising a firm, defendant may set off a debt due to the firm by plaintiff.

In *York Mfg. Co.* v. *Rothwell* (119 Fed. 144) a similar question was involved. The court said: " In the present case the subject-matter of the counterclaim inhered in the original transaction and touched the consideration of the notes. The action was brought against both the makers, and if service had been made upon both, and the other maker had appeared, no question could have arisen of the right of recoupment."

That case holds that any one of the defendants jointly liable may set up a counterclaim to defeat plaintiff's cause of action when it grows out of the same transaction.

In *McMasters* v. *Burnett & Co.* (92 Ky. 358) we find the following: " The firm, however, was sued, and as he was a member of it, and as such sued, he had a right to rely upon any claim which his firm had against the appellees and which the firm could have asserted by way of counterclaim."

In *Loring* v. *Morrison* (15 App. Div. 498) the court held that a surety who signs in form as a joint maker with his principal a note given in payment for chattels, is entitled in an action against him thereon, to recoup the damages sustained by his principal because of a breach of the warranty under which the chattels were sold.

Chief Judge CULLEN, writing for the court, in *American Guild* v. *Damon* (186 N. Y. 360), stated that the fact that in form the action was joint did not affect the principle involved. When the defendants in an action are jointly and severally liable, although sued jointly, a counterclaim, consisting of a demand in favor of one or some of them, may, if otherwise without objection, be interposed. (Pom. Code Rem. [5th ed.] § 637; *Tilden* v. *Washburn*, 6 N. Y. Supp. 556; *Seaman* v. *Slater*, 49 Fed. 37, 40.)

In *Parsons* v. *Nash* (8 How. Pr. 454) a very instructive opinion is written by Mr. Justice MARVIN in which he states the law as follows: " In an action proper for a set off or counterclaim, against several defendants, severally liable or jointly and severally liable, any one of them may avail himself of his set off; or any number of the defendants to whom the set off is jointly due may avail themselves of such set off."

The court was in error in dismissing the counterclaim growing out of the same transaction. The defendants were jointly and severally liable. Where the counterclaim belongs to the partnership and is set up to defeat the whole or a part of plaintiff's recovery, it may be pleaded in the answer of the individual defendant.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to plaintiff to reply on payment of said costs.

McAvoy and Townley, JJ., concur; O'Malley, J., concurs in result; Finch, P. J., dissents and votes to affirm.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days from service of order upon payment of said costs.