CHARLES W. ALPAUGH, Respondent, *v.* WINTHROP H. BATTLES, FRANK BATTLES, WILLIAM W. BATTLES and Others, Individually and Doing Business as Copartners under the Firm Name and Style of " BATTLES & COMPANY," Defendants.

WILLIAM W. BATTLES, Appellant.

First Department, May 13, 1932.

*William Bell Wait* of counsel [*Wait & Johnston*, attorneys], for the appellant.

*Louis W. McKernan*, for the respondent.

SHERMAN, J. The order appealed from dismisses the counterclaim in appellant's amended answer. The summons named as defendants Battles and four others, asserted to have been his copartners in the transactions set forth in the complaint. Battles alone was served and he alone has appeared and served an answer.

The amended complaint sets forth three separate causes of action against all of the named defendants as partners trading under the firm name of " Battles & Company." The first cause of action is based on contract; the second on alleged fraudulent representations

by defendants inducing plaintiff to enter into that contract; and the third on an alleged fraudulent conspiracy relating to the subject-matter of the same contract.

It is contended that, as the answer interposed by Battles is merely his individual pleading, he is not entitled to plead herein a counterclaim which asks an affirmative judgment and which belongs to the firm of which he is but a member.

In substance,. the counterclaim alleges that the contract mentioned in the complaint was entered into after plaintiff had approached defendants for the purpose of selling to them certain rights and interests, including a dam site, which he represented as suitable for water power development in connection with the delivery and sale of electric power. and that he made other representations in connection therewith, all of which were false and fraudulent and upon which defendant and his copartners relied to their damage, having in reliance thereon executed the contract referred to in the complaint. Judgment for $50,000 against plaintiff is asked by appellant "in behalf of himself and each of the other defendants above named * * * as copartners, trading under the firm name and style of Battles & Company."

Unquestionably, this may not be regarded as a counterclaim asserted by the individual defendant solely in his own behalf. Any affirmative judgment which may be recovered upon it would run in favor of all of the members of the partnership firm of Battles & Company, and be consistent with the prayer for relief. The pleading here attacked presents a cause of action which is owned by Battles and his partners jointly. The sole question is whether Battles can maintain it.

A like counterclaim was upheld by this court in *Fox Chase Knitting Mills, Inc.,* v. *Handal* (232 App. Div. 498), where only two of four named defendant partners were served and appeared in the action, and the individual answer of the two defendants interposed a counterclaim which belonged to the partnership. In reversing the order in that case which had dismissed the counterclaim, this court said (p. 499): "The answering defendants having been sued by the plaintiff as members of a partnership had a right to set up any claim which the firm had against the plaintiff and which the firm could assert by way of set-off or counterclaim." The case of *Thompson* v. *Kessel* (30 N. Y. 383, 391) points to the same result.

Respondent contends that defendants, other than the answering defendant, are not actual parties and, therefore, may not recover a judgment on the counterclaim, since they have not been served nor appeared in this action. That would be true if the complaint had not asserted a claim against all of them upon an alleged joint

liability, and had not sought a final judgment to be enforced out of partnership assets, for breach of the contract alleged in the complaint. Upon a recovery by plaintiff upon his first cause of action such a result would be achieved, although but one of the partners has been served. (Civ. Prac. Act, §§ 1197–1201; *Kittredge* v. *Grannis*, 244 N. Y. 182, 193; *Kittredge* v. *Langley*, 252 id. 405, 409.)

We do not agree with the further contention advanced by respondent that the counterclaim does not conform with the provisions of section 266 of the Civil Practice Act, in that it does not arise directly out of the transaction and subject-matter pleaded in the complaint. The controversy, reflected in both pleadings, revolves around or grows out of and is directly connected with the contract referred to in the complaint; the determination of the counterclaim necessarily involves the determination of plaintiff's claim, for, if sustained, it will diminish or may extinguish plaintiff's recovery.

The conclusion which we have reached, that one partner may assert a counterclaim in his individual answer on behalf of all the members of his firm, has been explicitly held in Federal jurisdictions. (*Seaman* v. *Slater*, 49 Fed. 37; *Baltimore United Oil Co.* v. *Barber & Langdon*, 2 Mackey [D. C.], 4; *York Mfg. Co.* v. *Rothwell*, 119 Fed. 144.)

Respondent relies on the cases of *Burns* v. *Lopez* (256 N. Y. 123) and *Hopkins* v. *Lane* (87 id. 501), which do not, in our judgment, sustain his position. In neither did plaintiff assert a cause of action against a partnership. In each of them plaintiff brought suit upon an individual debt of defendant. In neither did defendant attempt to set up a counterclaim arising out of and directly connected with the subject-matter of the complaint. Moreover, in *Burns* v. *Lopez* (*supra*) defendant merely sought to apply the amount owed by him to plaintiff in reduction of plaintiff's indebtedness to the partnership of which defendant was a member, and his partners having assented thereto, it was held sufficient as an equitable setoff.

The order appealed from, dismissing the counterclaim herein, should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days from service of order upon payment of said costs.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes for affirmance.

MERRELL, J. (dissenting). The amended answer of the defendant, appellant, was served pursuant to permission granted at Special Term upon the dismissal of a similar counterclaim which had been interposed by the defendant, appellant, in his original

answer to the amended complaint. The dismissal of the counter-claim by the order appealed from was upon the ground that the counterclaim set forth in the defendant, appellant's said answer was not one which he could legally assert herein because it was owned by himself and four others, all constituting the copartnership known as Battles & Company. The defendant, appellant, was the only defendant upon whom the plaintiff was able to effect service of process in the action.

Plaintiff brought his action, alleging in his complaint three separate causes of action. The first cause of action set forth against the defendant, appellant, and four others, constituting the firm of Battles & Company, was for breach of contract on the part of the firm of Battles & Company, whereby plaintiff alleged that he had suffered damages in the sum of $25,000. In the second cause of action plaintiff sues to recover the same amount as damages resulting from a fraud perpetrated upon plaintiff by the defendants Winthrop H. Battles and William W. Battles, as partners and representatives of the five defendants, constituting the firm of Battles & Company, whereby plaintiff claims he was fraudulently induced to enter into the contract with said firm. As a third cause of action plaintiff sues to recover the amount aforesaid upon the ground that the defendants had conspired with divers persons to plaintiff unknown by means of false, fraudulent and wrongful pretenses and representations to acquire certain properties.

The defendant, appellant, in his original answer to the amended complaint, put in issue various of the allegations of the complaint, and then set up the counterclaim which he alleged belonged to the copartnership of which he was a member. Upon the amended complaint and original answer plaintiff moved at Special Term to dismiss the counterclaim upon the ground that, answering as an individual, he could not set up a counterclaim in behalf of the copartnership, and that said counterclaim was, therefore, improperly interposed to plaintiff's cause of action against the copartnership. The matter coming on to be heard, the motion of plaintiff for dismissal of the counterclaim was granted upon the following ground: " The counterclaim set up by the defendant William W. Battles, answering as an individual, belongs to the partnership and cannot be set up as a counterclaim by one of the partners in his individual capacity. (*Burns* v. *Lopez*, 256 N. Y. 123, 128; *Hopkins* v. *Lane*, 87 N. Y. 501.) The motion is therefore granted with leave to serve an amended answer within ten days after service of copy of this order with notice of entry thereof." The defendant, appellant, took no appeal from said order granted at Special Term, but availed himself of the leave granted him to serve an amended answer to

the amended complaint. Thereupon the answer here under review was served, in which the defendant, appellant, again set up as a counterclaim an alleged right of action belonging to the firm of which he was a member to plaintiff's cause of action. Plaintiff again moved to dismiss said counterclaim on the ground that it did not set forth a cause of action in favor of said defendant or one or more defendants between whom and the plaintiff, or the plaintiff and another person or persons alleged to be liable, a separate judgment may be had in this action, plaintiff stating in his notice of motion that the alleged counterclaim set forth a cause of action belonging to the partnership aforesaid which could not be set up by the defendant, appellant, in his individual capacity, and that said counterclaim could not be set up in behalf of parties defendant who had not answered or otherwise appeared in the action. The Special Term again dismissed said counterclaim interposed by the defendant, appellant, in the order appealed from.

For several reasons I am of the opinion that the court was entirely justified in striking said counterclaim from the answer of the defendant, appellant. I think the defendant, appellant, was bound by the order striking out said counterclaim on the ground that it belonged to the copartnership of which the appellant was a member, and that such counterclaim could not be set up by one member of the firm in his individual capacity. The present amended answer of the defendant, appellant, does not differ substantially from his original answer. The answer which he has interposed does not purport to be the joint answer of all the copartners. At the outset of the answer the defendant alleges: " For *his* amended answer to the amended complaint," etc. The denials contained in the answer are those of the defendant individually, and the answer is verified by the defendant, appellant, as an individual defendant and not in behalf of his codefendants. The counterclaim interposed in said answer, at its opening, states: " The defendant further answering the complaint and as and for a first counterclaim to the cause of action alleged in the complaint, alleges:", etc. It is entirely apparent that there was no attempt on the part of the defendant, appellant, to interpose the counterclaim in behalf of the members of his firm. He answered as an individual, and not in behalf of his copartnership. The counterclaim contained in the amended answer is identical with that contained in the original answer, with the exception that in the prayer for relief the defendant, appellant, demands judgment in behalf of himself and each of the other defendants. However, a prayer for relief in a pleading is not part thereof, so far as allegations are concerned.

It is beyond dispute that the cause of action set forth in the

complaint is one against the defendants as a copartnership and upon which the defendants, as copartners, are jointly, and not severally, liable. The answer interposed by defendant is his individual answer, and he appeals to this court as an individual. None of the defendants, except the appellant, has been served with process. None of them has answered or appeared in the action. A copartner cannot individually sue and recover judgment upon a partnership claim. (Partnership Law, § 20; *Liebert* v. *Reiss*, 174 App. Div. 308; affd., 227 N. Y. 557.) It is likewise true that one who is not a party to an action cannot recover judgment therein. The mere fact that the defendants were named in the summons and complaint as parties defendant did not make them so until they were served with process or appeared in the action. There was no appearance by the defendant, appellant, for the other defendants in the action, nor had he succeeded to their rights by assignment or otherwise. The defendant entirely ignored the prior decision granted at Special Term dismissing the same counterclaim upon the same grounds urged by plaintiff here, and did not appeal therefrom, but has attempted, in his amended answer, to do just the thing that was condemned on the previous motion. By reason of the failure of the defendant, appellant, to appeal from the prior order he is bound thereby. When the defendant, appellant served his amended answer herein, the plaintiff could only obtain judgment against him. Under well-settled principles of law the defendant, appellant, under such circumstances, could not set up as a counterclaim a cause of action alleged to exist in favor of the copartnership of which he was a member. (*Burns* v. *Lopez*, 256 N. Y. 123, 129; *Hopkins* v. *Lane*, 87 id. 501.)

Section 266 of the Civil Practice Act defines a counterclaim as follows: "A counterclaim, except as otherwise provided by statute, must tend to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff or the plaintiff and another person or persons alleged to be liable a separate judgment may be had in the action:

" 1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action;

" 2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

In my opinion, the counterclaim attempted to be set forth in the answer of the defendant, appellant, herein is not one which he could interpose under section 266 of the Civil Practice Act. So

far as the allegations of the answer are concerned, and of the counter-claim itself, it has no connection with either of the causes of action alleged in the complaint. It is not alleged that the counterclaim attempted to be set up by the defendant, appellant, is one arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim. This court held in *Levan* v. *American Safety Table Co., Inc.* (222 App. Div. 110), that a counterclaim is insufficient under section 266 of the Civil Practice Act based upon fraud and deceit where there are no allegations that the counter-claim arose out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or that it is connected with the sub-ject of the action. Mr. Justice FINCH, writing for this court, stated in his opinion in the case last cited (at p. 114) as follows: " The third defense and counterclaim was properly stricken out since it is not permissible to counterclaim under the Civil Practice Act (Civ. Prac. Act, § 266) in an action based upon fraud and deceit, unless there are allegations that the counterclaim arose out of the trans-action set forth in the complaint as the foundation of the plaintiff's claim or is connected with the subject of the action." I am, there-fore, of the opinion that the counterclaim attempted to be set up in the answer of the defendant, appellant, was not a proper counter-claim permitted by the Civil Practice Act.

The defendant, appellant, relies upon a decision of this court in *Fox Chase Knitting Mills, Inc.,* v. *Handal* (232 App. Div. 498). In that case this court seems to have flatly held that one partner may avail himself of a counterclaim in favor of the partnership to defeat a recovery by plaintiff, although he may answer separately in an action against the individuals comprising his firm, and that a defendant may set off a debt due to the firm by plaintiff. I do not think the decision in *Fox Chase Knitting Mills, Inc.,* v. *Handal* is good law as applied to the circumstances of this case. At the close of the opinion of a majority of the court in the *Fox Chase Knitting Mills, Inc.,* case, it is stated: " The court was in error in dismissing the counterclaim growing out of the same transaction. The defend-ants were *jointly and severally* liable. Where the counterclaim belongs to the partnership and is set up to defeat the whole or a part of plaintiff's recovery, it may be pleaded in the answer of the individual defendant." (Italics are the writer's.) It would appear from the above quotation from the opinion in that case that the defendants there were *jointly and severally* liable. If that be true, then the facts in the case are clearly distinguishable from those in the case at bar, where there is no claim that the defendant, appellant, is severally liable upon either cause of action set forth in the com-plaint. In the case of a defendant who may be jointly and *severally*

liable, a very different situation is presented, and it may well be that in such a case a defendant severally liable would be permitted to set up a cause of action existing in his individual favor. In the opinion in the *Fox Chase Knitting Mills, Inc.*, case, the reliance is chiefly upon two New York cases, namely, *American Guild* v. *Damon* (186 N. Y. 360) and *Parsons* v. *Nash* (8 How. Pr. 454). Both of the cases mentioned upon which the decision in the *Fox Chase Knitting Mills, Inc.*, case was based were cases of joint and several liability on the part of the defendant. In the opinion in that case the opinion in *Parsons* v. *Nash* (*supra*) is quoted, as follows: " In an action proper for a set off or counterclaim, against several defendants, severally liable or jointly and severally liable, any one of them may avail himself of his set off." That may very well be in a case of several liability. In the case of *American Guild* v. *Damon* (186 N. Y. 360), Chief Judge CULLEN, writing for the Court of Appeals, stated (at pp. 364 and 365) as follows: "At common law and under the Revised Statutes in an action against more than one defendant there could be interposed only a set-off due to all the defendants jointly. (2 R. S. p. 354, sec. 18.) That rule still obtains in this State, where the suit is on the joint obligation or liability of the defendants. Where, however, the liability of the defendants is several, under the express provisions of section 501 of the present Code, which in this respect is but a re-enactment of section 150 of the former Code, as amended in 1852, a defendant against whom a several judgment may be rendered can interpose a counterclaim existing in his own favor." Judge CULLEN then discusses several early cases holding that in an action against several defendants jointly and severally liable, either of them may set off individual debts due to him from plaintiff or may avail himself thereof by way of counterclaim. Judge CULLEN then continues: " In the present case, as already said, the bond of the defendants is joint and several, and, therefore, a several judgment could have been had against either defendant. The fact that the action was in form joint does not affect the principle involved. When the defendants ' in an action are *jointly and severally* liable, although sued jointly, a counterclaim, consisting of a demand in favor of one or some of them, may, if otherwise without objection, be interposed.' (Pomeroy's Remedies and Remedial Rights, sec. 761; *Dunn* v. *West*, 5 B. Monroe, 376, 381.) " In his opinion Judge CULLEN, quoting from Pomeroy's Remedies and Remedial Rights, italicizes the words, " jointly and severally," as they appear in the original text. (Pom. Code Rem. [5th ed.] § 637 [761].) It thus appears that the courts, with reference to the right of a defendant to interpose a counterclaim to a plaintiff's cause of action,

clearly distinguish between a case where there is a joint liability and one where there is a joint and several liability on the part of the defendant, and only in the latter case is a defendant permitted to interpose a cause of action in behalf of the membership of his copartnership. As before stated, as applied to the facts in the case at bar, I do not think the decision of this court in *Fox Chase Knitting Mills, Inc., v. Handal* (*supra*) is controlling. The present presiding justice of this court dissented from his associates in the decision in the *Fox Chase Knitting Mills, Inc.,* case. If the facts in the *Fox Chase Knitting Mills, Inc.,* case were like those in the case at bar, then the decision of this court is clearly in conflict with that of the Court of Appeals in *Hopkins* v. *Lane* (87 N. Y. 501). I have made a careful search and do not find that the decision of this court in *Fox Chase Knitting Mills, Inc.,* has ever been followed or cited in any subsequent decision of the courts of this State. No reference to *Hopkins* v. *Lane* is made in the opinion in the *Fox Chase Knitting Mills, Inc.,* case. The opinion of Judge EARL, writing for the Court of Appeals in *Hopkins* v. *Lane,* is so clearly applicable to the facts in the case at bar that I am constrained to quote it in full, as follows: " This action was brought to recover on a promissory note given in part payment of cheese sold by the plaintiffs to the defendant Daniel W. Lane and to Darius W. Benjamin and Quincy Matthewson. The cheese was delivered and each of the purchasers gave a note for his share of the purchase-money. This note was given by Daniel W. for his share, and was signed by Victory L. Lane as surety for him. The defendants in their answer set up a counterclaim for breach of warranty and fraud in the sale of the cheese. One of the grounds upon which the defendants were defeated as to the alleged counterclaim at the trial was that they could not avail themselves of it, as it belonged to the three purchasers jointly. The answer alleged that the sale of the cheese was to the three as joint purchasers, and that allegation was sustained by the proof. There was no proof showing that there was a separate contract with each purchaser or a separate warranty to, or fraud perpetrated upon, each purchaser. For the convenience of the purchasers, and with the consent of the sellers, the cheese was paid for by the separate notes properly secured of the purchasers, and after the notes were thus given there remained no joint obligation to pay for the cheese, simply because it had been paid for. Payment in this mode, however, did not affect the contract of purchase or the relation between the parties growing out of the joint purchase. *Any claim, therefore, for damages, growing out of the breach of warranty or the fraud, belonged to the three purchasers jointly and could not be used by one of them as a*

*counterclaim. One of them could not have separately sued the plaintiffs to recover such damages, and hence one of them separately cannot set up such damages as a counterclaim under section 150 of the Code of Procedure.* As there was no defense to this note, except by way of counterclaim, Daniel W. Lane was obliged to pay it, and the claim for damages on account of the breach of warranty and the fraud could be enforced only by an action in the name of all the purchasers against the sellers. If, however, any one of the purchasers refused to join as plaintiff in such an action, he could be made a defendant. We are, therefore, of opinion that the judgment should be affirmed, with costs." (Italics are the writer's.)

I am quite unable to distinguish between the facts in the case at bar and those which existed in the case of *Hopkins* v. *Lane* (*supra*). That case has never been questioned in any subsequent decision so far as I have been able to discover, unless it be in the case of *Fox Chase Knitting Mills, Inc.,* v. *Handal* (*supra*).

Finally, this action is one at law to recover of the defendants, jointly, damages in the sum of $25,000, which the plaintiff claims to have sustained. These damages are alleged to have been sustained in three different ways: *First,* by reason of a breach of contract on the part of the defendants, comprising the copartnership of Battles & Company; *second,* by reason of fraud perpetrated by two of the defendants acting for and on behalf of all of the defendants; and *third,* for conspiracy on the part of the defendants with divers persons unknown to plaintiff. All three causes of action were to recover at law from the defendants as copartners. The counterclaim sought to be interposed by the defendant, appellant, was purely one at law. Neither of the causes of action set forth in the complaint was equitable in its nature. In the counterclaim contained in the answer of the defendant, appellant, he made no attempt to allege any equitable cause of action against plaintiff. At common law the liability of copartners was joint. At equity it is several. (*Seligman* v. *Friedlander,* 199 N. Y. 373.) In the case last cited the Court of Appeals held that in an action at law members of a general copartnership were not severally, but only jointly, liable. Judge VANN, writing for a unanimous court in that case, said (at p. 376): "At common law the liability of copartners was joint, although it was several in equity. The fundamental principle upon which the partnership relation is founded is that of a joint adventure, with joint ownership of assets and only joint liability for debts, unless the property held jointly is insufficient to pay the firm debts, or it appears that there can be no effective remedy without resort to individual property. (*Lawrence* v. *Trustees of Leake & Watts Orphan House,* 2 Denio, 577; *Voorhis* v.

*Childs' Executor*, 17 N. Y. 354; *Richter* v. *Poppenhausen*, 42 N. Y. 373; *Pope* v. *Cole*, 55 N. Y. 124.) " The Court of Appeals held in that case that the common-law rule had not been altered by statute in a case where general partners were liable.

For the reasons hereinbefore stated, I am of the opinion that the counterclaim set forth in the amended answer of the defendant, appellant, was defective on its face, and that the order appealed from, dismissing the counterclaim in the amended answer of the defendant, appellant, should be affirmed, with ten dollars costs to the respondent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the plaintiff to reply within twenty days from service of order upon payment of said costs.