ELLIOTT and another vs. ESPENHAIN and another.

*January 14 — February 7, 1882.*

PLEADING.    *Answer construed: Does it deny or admit alleged partnership ? Conditional counterclaim.*

In an action against E. and B. for goods sold and delivered to them as partners, B. answered denying material allegations of the complaint, and also alleged that "although no copartnership relations in fact ever existed between him and E., still, for the sole reason that he desired to have the case disposed of on the merits, the allegations of the complaint as to a copartnership were not controverted." He also, by way of counterclaim, alleged certain facts as to a non-delivery by plaintiffs of goods sold by them to E., and that " by reason of said premises and the failure of plaintiffs to perform their contract, the defendant E., and this defendant (B.) if he should be adjudged herein to be a partner of said E., have sustained damages," etc. *Held,*

1. That the answer must be construed as admitting the partnership alleged in the complaint.

2. That after such averment and admission, B., as one of the partners, might, by his separate answer, set up the counterclaim in favor of the firm.

APPEAL from the County Court of *Milwaukee* County. Action to recover an unpaid balance for certain merchandise sold and delivered by the plaintiffs to the defendants. The

complaint contains an averment that, at the time the goods were sold and delivered, the defendants were copartners, doing business under the name, firm and style of *Espenhain & Bartels*. The defendant *Bartels* answered separately. In his amended answer he denied most of the material allegations of the complaint. He also alleged therein "that, although no copartnership relations, as a matter of fact, have ever existed between this defendant and the defendant *Espenhain*, still, being desirous of disposing of this case on the merits, and for that reason only, the allegations of the copartnership, as contained in the complaint, are not controverted herein." The amended answer of *Bartels* also contains a counterclaim for damages equal in amount to plaintiff's demand, for non-delivery of certain other goods which the plaintiffs had theretofore sold and agreed to deliver to *Espenhain*. The counterclaim, after a detailed statement of the facts upon which it is predicated, is as follows: "That by reason of said premises, and the failure of the plaintiffs to perform and complete their contract, the defendant *Espenhain*, and this defendant if he should be adjudged herein to be a copartner of said *Espenhain*, have sustained damages," etc. The plaintiffs demurred to such counterclaim on the grounds — *first*, that it does not state facts sufficient to constitute a cause of action; and *second*, that the cause of action stated is not pleadable as a counterclaim to the action. This appeal was taken by the plaintiffs from an order overruling the demurrer.

The cause was submitted on the brief of *Benj. K. Miller, Jr.*, for the appellants, and that of *Cotzhausen, Sylvester & Scheiber*, with *Geo. L. Jones*, of counsel, for the respondent *Bartels*.

LYON, J.   The averments in the amended answer of the defendant *Bartels* in respect to the copartnership of the defendants are somewhat peculiar, but they may fairly be construed as an admission by the defendant *Bartels*, for the purposes of

this action, that when the goods mentioned in the complaint and counterclaim were sold and delivered, or agreed to be delivered, the defendants were copartners. The pleading is somewhat analogous to one of the forms of confession in criminal cases sanctioned by the common law. Says Jacobs (Law Dict., tit. "Confession"): "There is a confession indirectly implied as well as directly expressed in criminal cases; as if the defendant, in a case not capital, doth not directly own himself guilty of the crime, but, by submitting to a fine, owns his guilt; whereupon the judge may accept his submission to the king's mercy." In other words, on such implied confession the judge may proceed to judgment. The advantage of such a plea seems to have been (for in practice it has become obsolete), that it did not preclude the defendant from controverting his guilt in a civil action brought against him for the same matter, while a plea of guilty would estop him to assert his innocence. Probably this form of answer was adopted in this case for a similar purpose; that is, to save beyond question the right of the defendant *Bartels* to deny the copartnership in other actions which might be brought against the alleged firm. But, however that may be, we are clearly of the opinion that the answer distinctly waives any issue of copartnership, and for the purposes of the case admits that the defendants are copartners as alleged in the complaint; hence, so far as they affect this case, the averments in the amended answer concerning such copartnership might as well have been omitted from the pleading.

It is assumed in the brief of the learned counsel for the plaintiff, that the counterclaim shows on its face that it is for a demand due the defendant *Espenhain* alone, and hence that it cannot be interposed in this action against the firm. The conclusion from the premise is doubtless correct, but we think the pleading does not support the premise. True, it is alleged that the contract to deliver goods, the breach of which is the

foundation of the counterclaim, was made by and with *Espenhain;* but the counterclaim is for damages resulting from such breach which it is alleged accrued to both defendants in case they are adjudged to be copartners. It being now adjudged on the pleadings that, for the purposes of the case, they are copartners, the counterclaim is for damages accruing to both, and hence the proper subject matter of a counterclaim in an action on contract against the firm. This being so, there seems to be no doubt of the right of either partner, answering separately, to interpose such counterclaim.

We conclude that the demurrer to the counterclaim was properly overruled.

*By the Court.*— Order affirmed.