Case 69—PETITION ORDINARY—December 10.

# McMasters v. Burnett & Co.

APPEAL FROM GRAVES COURT OF COMMON PLEAS.

1. PARTNERSHIP—COUNTER-CLAIM.—Where one member of a firm is sued upon a claim against the firm he has the right to rely upon any claim which his firm has against the plaintiff, which the firm could have asserted as a counter-claim.

2. COMMISSION MERCHANTS—PENALTIES.—Under the statute which provides that commission merchants storing and selling tobacco shall cause to be weighed every hogshead which may be sent to them for storage and sale, and after the tobacco is stripped shall take the tare weight of each cask in which the tobacco has been prized, and after each hogshead has been sold and properly recoopered shall again cause it to be weighed by the person who first weighed it, and shall "settle" with the seller according to the highest weight after deducting the exact tare, a commission merchant who, in suing his customer for money advanced upon tobacco, gives him credit by the lowest weight of the tobacco instead of the highest weight, as required by the statute, does not thereby incur the penalty denounced by the statute for its violation, as he is not to be regarded as having "settled" with his customer within the meaning of the statute, the account being changed before judgment so as to conform to the statute, although not done until the defendant had by his counter-claim sought to enforce the penalty. Besides, the right to recover the penalty is given to the "party aggrieved," and the defendant under such circumstances is not an "aggrieved" party.

3. STATUTES IMPOSING PENALTIES are to be strictly construed.

D. G. PARK FOR APPELLANT.

Appellees violated the statute by settling with appellant for the less weight of hogshead and incurred the penalty prescribed by the statute. (Gen. Stats., chap. 111a, secs. 1, 2, 3.)

BURNETT & DALLAM FOR APPELLEES.

A debt is not settled until it is paid or discharged. (Gandolfo v. Appleton, 40 N.Y., 541; Gen. Stats., chap. 111a, secs. 1 and 3.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellees, Burnett & Co., were tobacco warehousemen. The appellant, L. C. McMasters, was a member of the firm of Taylor & McMasters, who were what is com-

monly known as " country buyers " of tobacco. In 1888 and 1889 the appellees, at different times and in various sums, advanced several thousand dollars to them as a loan, they in turn shipping their tobacco to the appellees, who were to, and did sell it, and credit the firm with the pro-ceeds, less commission.

The firm in this way borrowed considerably more than was realized from their tobacco, but no settlement was ever made between the parties.

In October, 1889, the appellees brought this suit against the firm for the difference they claimed as due them, and sued out an attachment, which was levied upon some property of the appellant. He alone defended.

The answer denied certain advances claimed to have been made by the appellees; set up certain payments; a claim for tobacco sold by the appellees and not credited, and among the various defenses claimed that, although the appellees had, when the tobacco was received, ascertained the gross weight of each hogshead and marked it on the head thereof, and then the tare to be deducted for the cash; and had after the sale of it and the re-coopering of each hogshead ascertained its then weight, and the tare to be deducted, yet they had given credit by the last weight, which was less than the first one, thereby violating the statute relative thereto as to each hogshead, or ninety-nine in all, in consequence of which the appellant, by way of counter-claim, asked nine thousand, nine hundred dollars.

The appellants in their reply admitted they had only credited the firm by the weight found due after the sale of the tobacco; but thereupon consented to and did, although appellant objected, give credit by the difference,

which was but $29.77. The court upon the trial refused to instruct the jury as to this claim, and took it from them by dismissing it absolutely. The propriety of this. ruling is the only question before us.

The appellees contend that if any valid claim exists it belongs to the firm, and the appellant alone can not therefore assert it. The firm, however, was sued, and as he was a member of it, and as such sued, he had a right to rely upon any claim which his firm had against the appellees and which the firm could have asserted by way of counter-claim.

The statute provides: ''Section 1. That hereafter commission merchants storing and selling tobacco in this State shall carefully and correctly weigh or cause to be weighed every hogshead, box or bale of tobacco which may be sent to such commission merchant for storage and sale, and they shall mark or cause to be marked the gross weight distinctly on one head of each hogshead, and after the tobacco is stripped they shall take the tare weight of each cask in which the tobacco has been prized, and after each hogshead of tobacco has been sold and properly recoopered it shall again be weighed by the same person who first weighed it, and the proprietor shall settle with the seller according to the highest weight after deducting the exact tare.

　　　*　　*　　*　　*　　*　　*　.　*

'' Sec. 3. That the proprietors of any such warehouse or commission house shall, for any violation of this act, be liable to pay the party aggrieved thereby a sum not exceeding one hundred dollars for each violation hereof, to be recovered before any tribunal having jurisdiction of the amount.''

This statute is of a highly penal character. Statutes like it are not to be extended by implication but are to be strictly construed. (1 Kent, side page 465, note 1.)

A party to recover under it should show a case fully within its requirements. It provides that the warehouseman shall " *settle* " with his customer according to the highest weight. The violation for which a recovery is sought in this case is that the appellees did not do so. While the answer avers that they settled with the firm at the lowest weight it is plain from the entire pleadings that there never was any settlement between them, but that the pleader means by this statement that the appellees had, in making out the account sued upon, credited them with the lowest weight. It is contended, however, that the making out of the account by the appellees, showing the sums loaned and the amounts received from the sale of the tobacco, and then suing upon it, amounted to a settlement with the customer within the meaning of the statute. This would be a most liberal instead of a strict construction of it. To settle with a party means, as defined by lexicographers, and as readily occurs to any one, to together adjust and ascertain what may be due to the one or the other.

In addition to this the statute provides that the party " *aggrieved* " may recover the penalty. The appellant here does not appear in that light. No settlement ever having been had between the parties, the appellees sue for a balance due them, and in the suit credit the appellant by the difference between the highest and the lowest weight of the tobacco. True, they do not do so until the appellant has by his answer set up a claim for the penalty, but as there had never been any settle-

ment in which they had refused to settle according to the highest weight and as the credit was given in the suit the penalty should not be enforced. No violation of the statute, according to its terms, had occurred, nor was the appellant an "aggrieved" party. The first settlement between these parties is had in this suit, and in it the seller is credited by his tobacco at the highest weight.

Under the state of case presented it is unnecessary to consider the constitutional objections to the statute urged by the appellees' counsel.

Judgment affirmed.