JOHN R. McKINNON v. GERARD PALEN and Another.[1]

Oct. 2, 1895.

Nos. 9524—(249).

Findings Sustained.

Certain findings of fact *held* to be sustained by the evidence.

Mortgage—Consideration—Extension.

The defendant gave a mortgage on certain real estate, the title to which was in the United States, but which he had entered as a homestead. By a subsequent agreement with the mortgagee, he agreed to "prove up," and then execute a new mortgage to secure the same indebtedness, and in consideration thereof the mortgagee agreed to extend the time of payment. In pursuance thereof, the mortgagor made final proof, and executed the new mortgage. *Held*, the agreement to procure, and the procuring of, a better title, as security for the mortgagee, is a sufficient consideration for the agreement to extend the time of payment.

Other Findings not Sustained.

Certain other findings of fact *held* not to be sustained by the evidence.

Action against Partner—Recoupment.

In an action against one partner alone, on his individual obligation, given for a partnership debt, he may avail himself of any recoupment of which the partners would have a right to avail themselves if the suit were against all of them.

Action in the district court for Polk county to foreclose a mortgage. From a judgment that the mortgage and notes secured by it were fully paid and satisfied, entered in pursuance of the findings and order of Ives, J., plaintiff appealed. Reversed.

[1] Reported in 64 N. W. 387.

*A. A. Miller*, for appellant.

*H. Steenerson*, for respondents.

CANTY, J.   In August, 1891, defendant and one Wichterman purchased a steam thresher and engine of the J. I. Case Threshing-Machine Company for $2,100, and made to said company their three promissory notes, dated August 11, 1891, each for $700, and interest thereon at the rate of 8 per cent. per annum, one of which notes fell due December 1, 1891, another December 1, 1892, and the other December 1, 1893.   To secure the payment of these notes, defendant at the same time made to said company a mortgage on a quarter section of land, the title to which was in the United States, but which land defendant had entered under the homestead laws.   To secure the payment of these notes, defendant and Wichterman also made to said company a chattel mortgage on said engine and machine.   On January 1, 1892, said company assigned and transferred said notes and mortgages to the plaintiff, who seems to have been its agent in all of the transactions between it and defendant and Wichterman.   In the following summer, plaintiff and defendant entered into an agreement whereby defendant agreed to "prove up" on his said homestead, and then execute a new mortgage on said quarter section of land to secure said notes; and, in consideration thereof, plaintiff agreed to extend the time of payment of all of these notes for a year thereafter.   Defendant made such final proof at the United States land office on August 10, 1892, and the next day executed to said J. I. Case Company such new mortgage, and delivered the same to plaintiff, and this action is brought to foreclose this mortgage.

On the trial in the court below without a jury the court found all of these facts, and also found that on September 20, 1892, the plaintiff, after having so extended the time of payment of all of said notes for one year, wrongfully took said machine and engine, and the possession thereof, from defendant and Wichterman, and wrongfully converted the same to his own use, and that the value of the engine and machine was then $1,800, which amount, the court held, defendant was entitled to recoup against the amount due on said notes.

1. All of these findings are amply supported by the evidence, although some of that evidence was contradicted by evidence offered on behalf of plaintiff. Plaintiff claims to have taken possession of the engine and machine under and by virtue of his chattel mortgage, but, if he had extended the time of payment of the notes for one year, there was no default in the chattel mortgage. He also claims to have taken possession with the consent of defendant and Wichterman, which is denied by them and other witnesses.

2. Plaintiff also claims that there was no consideration for his agreement to extend the time of payment; that the first mortgage on the quarter section was valid, and the second gave him nothing additional. Whether or not the first mortgage was valid, it is not necessary here to decide. If the second mortgage gave him nothing additional, the agreement to prove up, and the performance of the same, by defendant, did give him something additional. It gave him, as security, a better title. Whether or not there were also other considerations to support the agreement for an extension, it is not necessary here to decide.

3. But there are other findings of fact which are not supported by the evidence.

The court further finds "that the facts alleged in the fifth paragraph of defendant's answer are true and the defendant was damaged in the sum of two hundred dollars." Besides alleging the conversion of the engine and machine, and the value thereof, the fifth paragraph of the answer alleges that defendant and Wichterman had employed a large number of men and teams, and procured all necessary equipments for threshing during the threshing season of 1892; that, on September 15 of that year, plaintiff induced them to bring the threshing machine, engine, their teams, and 16 men to Crookston, to do threshing which he fraudulently represented to them that he had engaged for them, and when they arrived there with the machine and engine, he seized the same on the chattel mortgage, by reason of which defendant was thrown out of employment, and defendant and Wichterman "were left with a large number of teams and were prevented from carrying on said business to his further damage in the sum of $500." There is sufficient evidence to prove plaintiff's bad faith and fraudulent intent in thus bringing

them to Crookston, and to prove all of said other facts so alleged, except the amount of the damages. All of the evidence as to the amount of such damages is the evidence of defendant himself, given as follows: "The damage I had was coming down here, and having those men with us, and paying their board all the way down, and buying wood for the engine, and paying their time; and then we did not have any work for all fall. Q. How much were you damaged? A. I can't say exactly how much I was damaged. * * * Q. You don't know whether you were damaged five cents or five hundred dollars, do you? A. Yes, sir. Q. State as near as you can how much you were damaged? A. I was damaged over five hundred dollars." It does not appear how far he had traveled in coming to Crookston, how long it necessarily or reasonably required, or the rental value of this machine, or the value of his own time, the time of his men or horses, while making the trip, or any other fact, except as above stated, from which an estimate of the amount of the damages could be made. Under these circumstances, defendant should not, for these elements of damage, have been allowed any more than nominal damages. The attempt of the witness to give a lump estimate of all these elements and items of damage amounts to nothing but his mere conclusion, and is not evidence.

The trial court also found as follows: "The amount due and unpaid at that time" (the time of said conversion) "on the notes described in the complaint was nineteen hundred and eighty dollars. That, by the said wrongful taking of said threshing rig and appurtenances, the said Gerard Palen was damaged in an amount exceeding the amount then due and unpaid on said three promissory notes given for said threshing rig, and to secure which said real-estate mortgage was made." So far as this amounts to a finding that other items of payment or recoupment than those above mentioned had reduced the amount due on these notes to $1,980, it is not supported by the evidence. On September 20, 1892,—the day the outfit was seized by plaintiff,—the total amount of principal and interest due on these notes would have been $2,286.50, if there had been no payments. The evidence warranted a finding that $75 was paid thereon by the promissory note of a third party, which defendant and Wichterman delivered to plaintiff as such payment. It also warranted a finding that $45 in cash was paid thereon. It

is true that defendant admits that he and Wichterman received extras during the first year that they ran the outfit, and plaintiff testified that he applied this $45 in payment of these extras; but defendant further testified that it was agreed that they were to have extras free during the first year, and, if the court found this to be true, plaintiff would have no right to apply this $45 in payment of these extras, but the same should be applied as a payment on such three notes. But, except $5 more, these are all the items of payment which, under the evidence, can be thus applied. On behalf of defendant, Wichterman testified: "As soon as I come to Crookston I paid McKinnon $165, and when I paid that there was another note of $160 given for freight. I understood that was going on that note." This $160 note does not appear to be for any part of the sums due on said three $700 notes, and this is all the evidence in the case as to the application of this $165 payment. Then the court was not warranted in applying any more than $5 of this payment as payment on the three $700 notes. Then the court was not warranted in holding that $1,980 was "the amount due and unpaid" on these three notes before deducting the $1,800 so recouped as damages. On the contrary, all the other payments which the court was, under the evidence, warranted in applying in payment of these three notes, are said $75, said $45, and said $5, making a total of $125, which would leave $2,161.50 as the amount "due and unpaid," instead of $1,980. But we have had to look into the evidence to find these figures and the results which would follow from them. The trial court does not find facts which show them, or from which they can be computed or ascertained. We cannot make any findings of fact. A new trial will therefore be granted as to a part of the issues.

4. Plaintiff contends that because none of these items of damages accrue to defendant in his individual right, but all of them accrue to him and Wichterman in their joint or partnership right, therefore defendant cannot recoup them in this action, which is against him alone. The contention is not well founded. While this action is against defendant alone, it is for a partnership debt, and he has a right to avail himself of any defense of which the partners would have a right to avail themselves if the suit were against both of them.

The court states in his findings of fact that it does not appear that the mortgage here in suit was ever assigned by the J. I. Case Company to this plaintiff. The respondent makes no point on this in his brief, and we do not see that it would avail him if he did. This disposes of all the questions raised, worthy of consideration.

The judgment appealed from will be reversed; the conclusions of law and the portions of the findings of fact quoted above, in the third division of this opinion, will be set aside; the other findings of fact will be allowed to stand; and a new trial will be granted on all the issues not disposed of by said last-named findings of fact.

So ordered.