Brawley vs. Mitchell.

BRAWLEY, Respondent, vs. MITCHELL, imp., Appellant.

*March 13 — March 27, 1896.*

*Judgment against defendants not served: Joint liability: Statute, when mandatory.*

Sec. 2884, R. S. (providing that when the action is against persons jointly liable on a contract, and the summons is served on one or more of them, but not on all, the judgment "*may be* entered in form against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all and the separate property of the defendant served"), though permissive in form, is mandatory when, as in the case of partners, the individual right of the defendant served requires it; and the entry of judgment in such a case against the defendant served only is a material error.

APPEAL from a judgment of the circuit court for Portage county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

*Brawley* brought this action, in the county court of Portage county, against D. H. Vaughn and *J. S. Mitchell*, as copartners of the firm of Vaughn & Mitchell, upon two joint promissory notes made by them by their firm name. There was no service of process upon Vaughn, and he did not appear in the action. Property of *Mitchell* was attached, and he appeared and defended. There was judgment in favor of the plaintiff and, in form, against both defendants. From this judgment *Mitchell* appealed. In the circuit court he withdrew his answer. The court took the plaintiff's proofs, and gave judgment against *Mitchell* alone and his sureties upon his appeal. The appeal is by *Mitchell* alone from that judgment.

The cause was submitted for the appellant on the brief of *Raymond, Lamoreux & Park*, and for the respondent on that of *D. Lloyd Jones.*

Counsel for the respondent cited *Decker v. Trilling*, 24 Wis. 610; *Decker v. Kitchen*, 26 Hun, 173; *Ingraham v.*

Brawley vs. Mitchell.

*Gildemeester*, 2 Cal. 88; *Hirschfield v. Franklin*, 6 id. 607; *Stedeker v. Bernard*, 102 N. Y. 327.

NEWMAN, J. The statute (sec. 2884, R. S.) provides that when the action is against persons jointly liable on a contract, and the summons is served upon some, but not upon all, of the defendants, judgment may be entered in form against all the defendants so jointly indebted, "so far only as that it may be enforced against the joint property of all and the separate property of the defendant served." The words of the statute are permissive only, in form. But the exercise of a statutory power which is only permissive in form is not discretionary where public interests or individual rights call for its exercise. In such cases it is peremptory. *Cutler v. Howard*, 9 Wis. 309; *Market Nat. Bank v. Hogan*, 21 Wis. 317; *Dutcher v. Dutcher*, 39 Wis. 651; Suth. Stat. Const. § 462. So, this statute must be held to be mandatory, because the individual right of the defendant served requires it. To enter judgment against the defendant served, only, is not a mere formal error, but it is matter of substance. This was so held in *Bacon v. Bicknell*, 17 Wis. 523. See, also, *Nelson v. Bostwick*, 5 Hill, 37; *Stehr v. Ollbermann*, 49 N. J. Law, 633. It changes the form of the execution. It can only go against the separate property of *Mitchell;* whereas it should go against the joint property of the firm. *Mitchell* has the right, as between himself and his copartner, that the firm property shall be applied first to the payment of the firm debts. If the execution goes against his separate property alone, it may prejudice him in the collection of the money from his copartner. The proper form of judgment in such case is pointed out in *Blackburn v. Sweet*, 38 Wis. 578.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to enter judgment in accordance with this opinion.