ECORSE TRANSP. CO. v. EARHART.

(Circuit Court, D. Minnesota, Fifth Division. October 21, 1899.)

COUNTERCLAIM—JOINT RIGHT OF RECOVERY—MINNESOTA STATUTE.

In an action on notes given by defendant to plaintiff for the purchase price of a part interest in a steamer, the remaining interest being purchased at the same time by others, who gave similar notes, all of which were secured by mortgage on the vessel, the defendant cannot plead the alleged wrongful seizure and conversion of the vessel by plaintiff, and a pretended and collusive sale of the same under the mortgage, as a counterclaim, under Gen. St. Minn. § 5237, subd. 1, because he cannot recover on such claim without the joinder of his co-tenants; but he may plead such facts as defensive matter going to the equitable discharge of his liability on the notes, either in full or pro tanto.

On Demurrer to Counterclaim Pleaded in Defendant's Answer.

Searle & Spencer, for plaintiff.
F. W. Sullivan, for defendant.

LOCHREN, District Judge. Plaintiff demurs to the second counterclaim pleaded in defendant's answer. The causes of action set forth in the complaint consist of three promissory notes made and delivered by defendant to plaintiff at Detroit, Mich., December 16, 1895, each for the sum of $2,062.50 and interest at 6 per cent. after January 1, 1896, payable, respectively, July 1, 1897, January 1, 1898, and July 1, 1898; all being unpaid, except interest thereon till January 1, 1898. The defendant, as his second counterclaim, avers that at said Detroit, on December 16, 1895, the plaintiff owned the

steamer George Farwell, and then sold and delivered the same, with its engines, boilers, fixtures, apparel, and furniture, as follows: To the defendant an undivided one-half thereof, to one Nicholas J. Boylan an undivided one-fourth thereof, and to Sydenham Scott an undivided one-fourth thereof,—for the sum of $39,000 in the promissory notes of such purchasers, each of whom gave to plaintiff his own several notes for the purchase price of the interest purchased by him, and that the notes sued on were then made and given by defendant to plaintiff upon such purchase; that, to secure the payment of all the said notes so made by all of said purchasers, the said purchasers then executed and delivered to said plaintiff their chattel mortgage of said steamer, which stipulated that said purchasers should retain possession of the property so mortgaged, and the use thereof, until the indebtedness so secured should become due, and that the mortgage was in February, 1896, recorded in the office of the collector of customs at Duluth, Minn., where said vessel was then enrolled; that the notes due and coming due were on December 15, 1897, extended by plaintiff, for a valuable consideration, till the opening of navigation on the Great Lakes in the spring of 1898, and that before that time the plaintiff wrongfully took possession of said steamer at her winter moorings at Manitowoc, Wis., and employed it in its own use until April 20, 1898, when plaintiff made a pretended but invalid foreclosure sale thereof to Jesse H. Farwell for $18,000, though the said steamer was then, and for more than four months had been, more than 400 miles distant from the place of such pretended sale, and was of the value of $56,000; that defendant is informed and believes that such unlawful sale was caused to be made fraudulently by the said plaintiff "in collusion with the other owners of said vessel," and that said steamer has since been sold by said Jesse H. Farwell to persons to defendant unknown, and is now, as defendant believes, out of the jurisdiction and waters of the United States; that defendant owned seven-sixteenths of said vessel. He demands judgment that the plaintiff take nothing, and that defendant recover $29,500 and interest against plaintiff. The allegations contained in the statement of this second counterclaim therefore tend to plead a wrongful conversion of the said vessel by the plaintiff, by tortiously taking possession of the same and using it before the mortgage debt had become payable, and by a pretended, but fraudulent and invalid, foreclosure sale under said chattel mortgage.

The chattel mortgage was made at the same time with the giving of the notes for the purchase of the vessel, and was therefore a part of the same transaction which included the making of said notes which it secured. The mortgage, and the action of the mortgagee under it, whether legal or illegal, were connected with the notes secured by that mortgage, some of which constitute the subject of this action. If all the owners of said vessel—the mortgagors in said mortgage—were makers of the notes in suit, and defendants in this action, I should have no doubt that the matters alleged and above referred to would constitute a proper counterclaim, in its fullest sense, under subdivision 1, § 5237, Gen. St. Minn. The

trouble is that the tortious conversion of the mortgaged property by the mortgagee constitutes a single, indivisible cause of action, in which all the tenants in common of the vessel must join as plaintiffs. 1 Chit. Pl. 51. A plea in abatement would not be applicable to such counterclaim pleaded by only one of the several tenants in common, as no amendment or change of averment can make it a proper counterclaim. Id. 445. A demurrer is therefore the proper remedy.

But although the defendant cannot, alone, recover any judgment against the plaintiff upon the facts stated, and hence they do not constitute a proper counterclaim under the Minnesota statute referred to, still, as the value of the mortgaged property, if wrongfully converted and disposed of by the mortgagee, may, to the extent of its value, be applied in equitable satisfaction of the notes then held by the mortgagee, for the payment of which the property was pledged and appropriated, so that, if such value is enough to satisfy all such several notes, all will be satisfied, and, if less than enough to satisfy all, will be applied on them equitably and proportionally, I think the defendant, if so advised, may plead the same matters, not as a counterclaim or cause of action existing in his favor, severally, against the plaintiff, upon which he alone has a right to recover, but as defensive matter whereby the notes sued upon have become satisfied and discharged. The demurrer is sustained, with leave to the defendant to amend his answer as above indicated, or otherwise as he may be advised, on or before November 15, 1899.