CASE 50—ACTION ON ACCOUNT—Nov. 22.

## Farmers' Tobacco Warehouse Co. v. Minor.

APPEAL FROM OWEN CIRCUIT COURT.

TOBACCO WAREHOUSEMEN—PENALTY FOR CHARGING COMMISSION—CON-STRUCTION OF SECTION 4803 OF KENTUCKY STATUTES.—Crediting the shipper with commission and suing him for the balance is a violation of section 4803 of the Kentucky Statutes, providing that it shall be unlawful for any warehouseman or commission merchant, directly or indirectly, to charge the seller or owner anything by way of commission or otherwise for paying to him the money for which his tobacco is sold; and the warehouseman so charging is liable for the penalty denounced by section 4807.

LINDSAY & BOTTS FOR APPELLANT.

1. The answer and counterclaim failing to repudiate the credits as given, and asking that they be increased by the one-per-cent. commission as excess, and also failing to allege that the defend-ant had paid this one per cent. or any part of it, the demurrer of plaintiff should have been sustained. McMasters v. Burnett, 92 Ky., 358; Ky. Stats., secs. 4803, 4807.

2. The demurrer of defendant to plaintiff's reply should have been overruled because the defendant not having paid said commis-

sion or any part of same, or having at any time settled same, the plaintiff had the right to credit the account pending the suit and before submission, which was by said pleading done, and thereby the defendant was not aggrieved. McMasters v. Burnett, 92 Ky., 358; s. c. 13 Ky. Law Rep., 617; Ky. Stats., secs. 4803, 4807.

(No appearance for the appellee.)

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellant corporation is a public warehouse for the sale of tobacco in Louisville, Ky. It made certain loans or advancements to appellee, with the agreement that appellee was to ship to them for sale his crop of tobacco, and out of the proceeds thereof appellant was to retain the amount of its lc....

The tobacco was shipped to, and sold by, appellant under that contract, but failed to bring the amount of appellee's account.

Appellant brought this action to recover the balance due on the loan, after being credited by the net proceeds of the sales.

An itemized statement of the account was filed with the petition, showing a balance due of $305.88. Appellee filed answer and counterclaim, by which it is pleaded that the credits given on the statement filed are not true, and are, in each case of sales of tobacco, too small, in that appellee is charged in the account of sales thus credited with commission of one per centum on the amount, and that this commission is taken out of the amount of sales before the credits are given. These several amounts make a total of $18.31 as additional credits claimed. Appellee, by way of counterclaim, pleads the statute (Ky. St., sections 4803, 4807), and claims the penalty therein provided for each of the twelve sales of tobacco, placing the amount sought at $1,200, the extreme. These sections provide:

"Section 4803. That it shall be unlawful for any warehouseman or commission merchant to directly or indirectly charge the seller or owner anything by way of commission or otherwise, for paying to him the money for which his tobacco is sold."

"Section 4807. That the proprietor of any warehouse shall, for any violation of the provisions of the nine preceding sections, be liable to the party aggrieved thereby in the sum of not less than twenty-five and not more than one hundred dollars, and on the trial, the bills, accounts, statements of sale rendered by said warehouseman shall be *prima facie* evidence of guilt."

Appellant, by reply, admitted the additional credit of $18.31 as set out in the answer, but denied liability for any penalty under the statute. To the reply, as to the third paragraph, the court sustained a demurrer, and, the case being submitted on the pleadings without a jury, the court adjudged that appellee recover on his counterclaim the minimum penalty of $25 on each charge of commissions, and found there were twelve charges in violation of the statute, a total of $300; and as the sum, with the admitted credits, equalled appellant's claim, the court rendered judgment for appellee for costs only, and from that judgment this appeal is prosecuted.

It seems clear that the statute has been violated, and the penalty incurred by appellant, if the entering the credits for the net proceeds, commissions deducted, on the sales is a charge within the statute. It is likewise clear that, if appellee was aggrieved by such entries of credits, he may recover the penalty prescribed.

We are of opinion that the entry of the credits, after deducting commissions, was a charge of such commissions; in fact, a withholding of that

[19]

amount from appellee. The fact that no money was actually paid to appellee, but that instead the net proceeds were placed to his credit with appellant, can not alter the case. The account and statement rendered of the sales show that such a charge was made. The statement of account sued on also retains to appellant these items of commissions.

But appellant contends, on the authority of McMasters v. Burnett, 92 Kentucky, 358, [17 S. W., 1021], that appellee was not aggrieved by this charge, as he was still indebted to appellant, and that the admission of these items as additional credits righted the matter, and yet left appellee indebted to appellant.

The statute here is not like that considered in the McMasters Case, *supra,* in that this one does not provide "on settlement of accounts," but the provision is, "directly or indirectly charge the seller." The court held in the McMasters Case that, as there had been no settlement, the terms of the statute did not apply, as a party, under that statute, could not be aggrieved without a settlement. The penalty here is imposed for a charge. It appears that the appellee was aggrieved by this charge; for he was compelled, to obtain his rights, to seek redress in the court. If appellee had paid the amount demanded, and in fact sued for, he would have paid this commission charged, and likewise would have lost the interest charged on the loan that accumulated by reason of a failure to properly credit the account.

We are of opinion that this case is clearly within the statute, and the judgment, being for the minimum penalty, was not thereby erroneous.

Finding no error, the judgment is affirmed.