PROGRESS BLUE RIBBON FARMS, Appellant, vs. GEORGE and others, Respondents.

*March 6—April 3, 1918.*

*Judgment against joint obligors when some are not served: Partnership: Pleading: Counterclaim by one partner on behalf of all: Appeal: Bill of exceptions.*

1. Where plaintiff's cause of action was based on breaches by copartners of contracts signed by two of them, and judgment was demanded against all the copartners upon their joint partnership liability, such cause of action, if established, would have

entitled the plaintiff, although the summons was served upon a part only of the defendants, to a judgment under sec. 2884, Stats., against all of them which might be enforced against the joint property of all and the separate property of the defendant served.

2. One member of such copartnership might interpose a counterclaim on behalf of all; and where the allegations of a counterclaim by one of the defendants served, though not harmonious throughout, could not be interpreted otherwise than as applying only to partnership matters arising out of and connected with the transactions forming the basis of the complaint, such counterclaim must be deemed to be on behalf of the copartnership and all its members.

3. Where plaintiff's cause of action arises out of the joint obligation of members of a copartnership who contracted with him, and he had the right to judgment against all the members of the firm liable under the contracts, the defendants so jointly liable were entitled to counterclaim for any legal claims they had against plaintiff arising out of such contracts and connected with the subject of the action.

4. The fact that some of the partners had not been served with summons in the action did not defeat their right to have those who were served appear and secure judgment in favor of all members of the firm.

5. Where all the questions involved in an appeal appear from the record, a bill of exceptions is unnecessary.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action by the plaintiff to recover from the defendants on alleged breaches of several contracts.

The plaintiff is a corporation organized and existing under the laws of the state of New Mexico and is authorized to do business in the state of Wisconsin, where it maintains a branch office. The defendants are alleged to be the members of a copartnership under the name of the Mississippi-Alabama Live Stock Association to carry on a live-stock business and to be engaged also in the buying and selling of farm lands. The plaintiff alleges that in May, 1913, it entered into four contracts with the defendants in regard to the delivery of several groups of horses to defendants to be bred,

trained, and cared for by defendants under certain condi-
tions; that the terms of the contract were not complied with,
which resulted in loss to it.

Neither the defendant *A. H. George* nor any of the other
defendants appeared within the prescribed time to answer or
demur to the complaint and an affidavit of nonappearance was
filed by the plaintiff's attorneys for the purpose of obtaining
judgment under the default, but the default was opened be-
fore judgment and the defendant *George* was granted leave
to appear and answer in the action.    After service of the
summons *A. H. George* filed a petition with the clerk of the
courts of Waukesha county for the removal of the cause to
the district court of the United States for the Eastern divi-
sion of the Southern district of Mississippi.    The applica-
tion was denied.    The defendant *George* thereafter appeared
in the action and served an answer wherein he counterclaimed
for damages resulting from alleged breaches of the contracts
with the plaintiff involved in the plaintiff's alleged cause of
action.

The case was tried before the court and a jury.    The jury
found that the plaintiff was not entitled to recover upon its
complaint and that the defendants were entitled to recover
the sum of $9,852.45 upon the counterclaim.    The plaintiff's
motion for a new trial was denied and judgment was ordered
in favor of the defendants for recovery from plaintiff of the
damages awarded by the jury, with costs.    The pleadings and
other proceedings of the record in the case are so very vo-
luminous that a restatement of them here is not practicable
and a reference thereto as they appear in the record and
printed case must suffice.

This is an appeal from the judgment entered in the case.

For the appellant there was a brief by *D. S. Tullar* of Wau-
kesha and *Adolph Kanneberg* of Milwaukee, and oral argu-
ment by *Mr. Kanneberg.*

For the respondents there was a brief by *Holt & Coombs*

of Waukesha, attorneys, and *Bloodgood, Kemper & Bloodgood* and *Emmet Horan, Jr.,* of Milwaukee, of counsel, and oral argument by *Mr. Horan* and *Mr. Albert N. Coombs.*

SIEBECKER, J.　There is no dispute but that the plaintiff's cause of action is predicated on breaches of the contracts it made with the defendants *A. H. George* and *R. M. Striplin* as copartners doing business under the firm name of the Mississippi-Alabama Live Stock Association, located at Meridian, Mississippi. It appears that *A. H. George* was served with summons in this action and that *A. H. Bartelt* was by agreement of the parties appointed agent of *Striplin* and *George* for the service of legal process in litigation arising out of the contracts made between the parties.　An examination of plaintiff's complaint discloses that its alleged claims for a recovery are based on the alleged defaults of the members of this copartnership to perform the four contracts attached to the complaint as Exhibits A, B, C, and D, and that it demands judgment against the two copartners, *George* and *Striplin,* who signed the contracts, and the other defendants as members of such copartnership upon their joint copartnership liability.　These facts appeared without dispute and entitled plaintiff to recover judgment if it established the causes of action set forth in its complaint against the copartners on their joint liability under the contracts in question. *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799; sec. 2884, Stats.　The circuit court correctly held that plaintiff's cause of action, if established upon the trial, would have entitled plaintiff to judgment against all the defendants upon their alleged joint partnership liability.

It is contended by the plaintiff that the court erred in awarding judgment in favor of the defendants on the counterclaim interposed by the defendant *George.* This claim is made on the ground that this defendant's answer is not made in behalf of the copartnership and the other members of the

firm, but that it shows on its face and in substance that it is the individual answer of the defendant *George*.

The phraseology of the allegations is not harmonious throughout the pleading; parts of it speak in terms of the answering defendant individually and other parts in terms referable only to the partnership transactions. But the substance and content of all the allegations of the answer which admit, deny, or otherwise specifically answer the allegations of the complaint admit of but one interpretation, namely, that the answer embraces only copartnership matters which arise out of and are connected with the transactions included in plaintiff's complaint. The same is true of the matters alleged in the counterclaim. It is manifest from the facts and circumstances alleged in the pleadings in the action that the issues involved included nothing aside from the transactions arising out of and relating to the matters embraced in the four contracts entered into between plaintiff and *George* and *Striplin* as a copartnership doing business as the Mississippi-Alabama Live Stock Association. The answer of the defendant *George* must be interpreted in the light of these facts and circumstances and the alleged relationship of the parties. Viewing the answer and counterclaim in such light, it is manifest that they are interposed in behalf of the copartnership and all of the members thereof as well as in behalf of the answering defendant. The right of defendant *George* to answer and counterclaim in behalf of the firm and his copartners and himself is recognized in *Elliott v. Espenhain,* 54 Wis. 231, 11 N. W. 513.

The plaintiff's cause of action arises out of the joint obligation of the members of the copartnership who contracted with plaintiff, and the counterclaim is founded on the very consideration upon which plaintiff rests its claim, and hence of necessity arises out of the contract and transaction connected therewith. Since the plaintiff had the right to judgment against all the members of the firm liable under the con-

tracts, it follows that the defendants so jointly liable to plaint-
iff were entitled to counterclaim for any legal claims they
had against plaintiff arising out of such contracts and con-
nected with the subject of the action.   The claim that none
of the defendants except *George* and *Striplin* can be held to
have been served with summons and hence are not properly
parties before the court, does not defeat their right as mem-
bers of the copartnership to have *George* and *Striplin* ap-
pear for them and defend and to secure judgment in favor
of all the members of the firm. ˙ The court had jurisdiction
of the subject matter of the action and of all the parties prop-
erly before it by virtue of the proceeding upon the record.
It is considered that the court properly awarded judgment
in defendants' favor upon the alleged counterclaim and the
verdict of the jury.   All questions involved in this appeal
appear from the record and hence there is no necessity for a
bill of exceptions in the case, and appellant's application for
a stay of proceedings must be denied.

   *By the Court.*—The judgment is affirmed.