STANGARONE, Respondent, vs. JACOBS and another, Appellants.

*September 25—October 20, 1925.*

*New trial: Excessive damages: Amount of recovery permitted: How determined: Actions in tort against partnership: Failure to serve one partner: Nature of partner's liability.*

1. Where, because of an excessive award of damages, plaintiff is given an option of a judgment for a reduced amount or a new trial, the judgment should not be for the maximum amount of the recovery but for the smallest amount that an impartial jury would reasonably allow. p. 21.

2. Where the action was started against the defendant partnership as a corporation and service made upon one partner only, and the other partner did not appear in the action, and the complaint was not amended, a personal judgment against the partner not appearing was not authorized under sec. 2884, Stats. p. 23.

3. The nature of a partner's liability is joint and several under sec. 123.12, Stats. p. 23.

4. While the statute makes the partnership liability in a tort action joint and several, the common-law rule as to the entry of judgment in such actions is not changed by sec. 2884, Stats.; and an action against a partnership as an entity is not authorized by statute. p. 23.

APPEALS from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Whaley, Erikson & Paulsen* of Racine, attorneys, and *Stephens, Sletteland & Sutherland* of Madison, of counsel, and oral argument by *Martin R. Paulsen* and *Glenn W. Stephens.*

*Roy S. Stephenson* of Kenosha, for the respondent.

ROSENBERRY, J.    *Theodore Jacobs* and *Peter Jacobs* are copartners, and on the 27th day of September, 1923, the partnership was the owner of a truck which was then being operated by one of its employees.    The plaintiff was digging a sewer hole in the street, and the defendants' employee backed the truck into the hole, from which plaintiff sustained the injuries complained of in this case.    There was no dispute as to the negligence of the defendants' employee.    The case was tried and the jury returned a verdict of $7,000. In reducing the amount of damages the court said:

"The judgment of the jury, within whose province such matters peculiarly are, is entitled to much weight.    The court is of the opinion that $5,000 is a liberal award of damages in this case and has some reluctance in approving that amount.    The jury's award is reduced to $5,000.    If the plaintiff shall within ten days after service of the order entered in accordance herewith file with the clerk of this court his written election to accept judgment for $5,000 and taxable costs, he may have such judgment.    Otherwise the defendants' motion for a new trial because the award of damages fixed by the jury is excessive is granted upon condition of payment of taxable costs of this trial.    Otherwise the motions after verdict are severally denied."

The plaintiff elected to take judgment, and judgment was entered accordingly.

There can be no doubt that in arriving at this conclusion the trial court applied a wrong rule of law.    Where the plaintiff is permitted to take judgment against the defendant under circumstances such as appear in this case, the amount of the judgment must be not the maximum amount of the recovery but the smallest amount that an impartial

jury would reasonably allow. *Heimlich v. Tabor,* 123 Wis. 565, 102 N. W. 10; *Rueping v. C. & N. W. R. Co.* 123 Wis. 319, 101 N. W. 710.

The judgment must therefore be reversed, with directions to the trial court to fix the minimum amount which an impartial jury would reasonably allow and give the plaintiff an election to take judgment for that amount, or in the event of his failure to do so, for a new trial.

One other matter requires attention. The plaintiff started this action against Peter Jacobs & Company, alleging that it was a corporation. Summons and complaint were served on *Theodore Jacobs,* an individual, and were not served upon *Peter Jacobs. Peter Jacobs* was not present at the trial and at no time made any appearance in the action. *Theodore Jacobs* filed an answer to the plaintiff's complaint, specifically denying the corporate existence of Peter Jacobs & Company. Upon the trial, on motion of the plaintiff, the title of the action was amended to read:

"*Edward Stangarone,* plaintiff, against *Theo. Jacobs* and *Peter Jacobs,* copartners, doing business under the firm name and style of Peter Jacobs & Company, and Markus Thomsen, defendants."

The complaint was not amended. The defendant *Theodore Jacobs* objected to further procedure on the ground that the necessary papers had not been served. The court asked plaintiff's counsel if he thought service on one partner was good for both; counsel replied in the affirmative and indicated his desire to proceed with the trial, and the trial thereupon proceeded. Judgment was rendered as follows:

"It is ordered, adjudged, and determined that the plaintiff, *Edward Stangarone,* have judgment against *Theodore Jacobs* and *Peter Jacobs,* copartners, doing business under the firm name and style of Peter Jacobs & Company, in the sum of $5,000, and that he recover from the defendants as aforesaid his costs and disbursements taxed at the sum of $79.54."

Stangarone v. Jacobs, 188 Wis. 20.

The judgment as thus rendered was no doubt a personal judgment against *Peter Jacobs,* upon whom no service was rendered, as well as a judgment against the partnership and *Theodore Jacobs.* The nature of a partner's liability is by statute in this state joint and several. Sec. 123.12, Stats. 1923.

The entry of a personal judgment against *Peter Jacobs* without service upon him was not authorized by the terms of sec. 2884. *Blackburn v. Sweet,* 38 Wis. 578; *Brawley v. Mitchell,* 92 Wis. 671, 66 N. W. 799; *Progress Blue Ribbon Farms v. George,* 167 Wis. 228, 167 N. W. 253; *Gessner v. Roeming,* 135 Wis. 535, 116 N. W. 171.

This is a tort action, and, while the statute makes the partnership liability joint and several, the common-law rule as to entry of judgment in tort actions is not changed by sec. 2884. Even if this were a contract action, the judgment is not in accordance with the requirements of the statute. Our statutes do not authorize suit against a partnership as an entity. The plaintiff cannot therefore have judgment against a defendant not served. See note, 43 L. R. A. N. s. 540, and cases cited.

*By the Court.*—The judgment is reversed, and cause remanded for further proceedings according to law and as indicated in this opinion.